## LaFITTE v. SOUTHERN RAILWAY.

1. Charge—Contributory Negligence.—An erroneous statement in a charge as to what defendant alleges as to the contributory negligence of plaintiff, when not stating the law of contributory negligence, is not error where the Judge subsequently, several times charges fully and accurately the law of contributory negligence.

2. Negligence of plaintiff is not a good defense to wilful negligence of defendant.

Before Townsend, J., Bamberg, winter term, 1904. Affirmed.

Action by E. T. LaFitte against Southern Railway. From judgment for plaintiff, defendant appeals.

*Mr. Robt. Aldrich,* for appellant. *Mr. Aldrich* cites: *Judge should define negligence and leave jury to find facts:* 19 S. C., 55; 41 S. C., 440. *Contributory negligence. not properly defined in charge excepted to:* 56 S. C., 91; 59 S. C., 311.

*Mr. A. McIver Bostick,* contra, cites: *Definition of contributory negligence in charge at length is in accord with our decisions:* 56 S. C., 91; 36 S. C., 65; 37 S. C., 239; 57 S. C.,

332.    *Negligence of plaintiff is not a defense to wilful negligence of defendant:* 5 Ency. P. & P., 9 ; 60 S. C., 67.

March 15, 1906.    The opinion of the Court was delivered by

Mr. Justice Woods.    Plaintiff recovered judgment against the defendant in an action founded on allegation of injury to himself and his horse and buggy, due to the frantic efforts of the horse to escape from the steam which the engineer or some other servant of the defendant had wilfully, maliciously, wantonly and recklessly discharged on the horse from the steam cocks of a locomotive engine in passing the plaintiff, while he was sitting in his buggy holding the horse near a crossing on a public road running parallel with the railroad.

It is submitted the following sentences found in the charge constitute reversible error, because not a correct instruction on the law of contributory negligence: "The defendant denies that it was negligent or wilful, and alleges further and sets up this affirmative defense, that the plaintiff was negligent himself and that his negligence caused the trouble whatever it may have been, and if he suffered any damage it was caused by the plaintiff and not by them, that his negligence was the immediate, proximate cause.    Of course, if the defendant company was guilty of an act of negligence by which the plaintiff was injured, they are liable, but if they committed no negligent act, they are not liable."

Obviously the first proposition was an inadequate statement of defendant's answer as to contributory negligence, but the Circuit Judge was not at this time giving his views on that subject.

There was no error in charging the second proposition, because it is correct as a general statement of the law of negligence.    Subsequently the law of contributory negligence was several times charged fully and accurately.

The charge to the effect that the negligence of the plaintiff

would not be a good defense to a wilful injury inflicted by defendant, is in accord with the law as laid down in *Proctor* v. *Ry. Co.*, 64 S. C., 491, 42 S. E., 427.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.