6718

## HARBERT v. ATLANTA AND CHARLOTTE AIR LINE RY. CO.

1. REPLY.—Evidence explanatory of a location in reply by plaintiff is not incompetent even if not responsive to any allegation in the pleadings or not in reply to defendant's case.

2. EVIDENCE.—It is not prejudicial error to permit a witness to be asked if another witness had not made a particular statement which he had substantially admitted on the stand.

3. IBID.—CONTRADICTION.—That a statement is made in the presence of plaintiff does not dispense with requiring the foundation to be laid for his contradiction.

4. IBID.—IBID.—Refusal to permit contradiction on immaterial point is not reversible error.

5. CHARGING request as to burden of proof and of duty of railroad company to give signals did not take from the jury the other defenses raised by the answer, as they were fully covered by other parts of the charge.

6. AN INSTRUCTION on an issue not raised by the pleadings but responsive to the testimony is not error.

7. NEGLIGENCE.—INSTRUCTION if negligence of defendant railroad company was the proximate cause of an injury and negligence of deceased was not, plaintiff is entitled to recover is correct.

8. IBID.—WILFULNESS.—Sec. 2139 of Code does not change the rule that the negligence of one injured is not a defense, if the injury was wilfully inflicted.

9. RAILROAD—SIGNALS.—Instructions as to duty of railroads to give signals on approaching crossings on highways are applicable to this case.

10. IBID.—IBID.—The principle for which the respondent contends as to the construction of the signaling statutes is not applicable to the facts of this case.

11. IBID.—IBID.—The doctrine that the law presumes an injury at a crossing was due to a failure to give the signals only in cases where it does not appear to be due to other causes, is distinct from the doctrine of liability for failure to give the signals unless the injured was guilty of gross or wilful negligence.

12. PUNITIVE DAMAGES—APPEAL—DEMURRER.—Where the issue of punitive damages is raised by the pleadings, and no objection that such damages are not recoverable in the action is taken by demurrer, or otherwise brought to the attention of the Court so as to elicit a ruling from him on the point, the question cannot be properly made in this Court.

Before WATTS, J., Oconee, November term, 1906. Affirmed.

Action by James John Harbert, administrator of James A. Harbert, against Atlanta and Charlotte Air Line Railway.

From judgment for plaintiff, defendant appeals on following exceptions:

1. "Excepts because the presiding Judge erred in allowing the plaintiff's attorney, over the defendant's objection,

to ask the witness Fletcher Rice the following question:
'I want to repeat the question I asked one of the witnesses
before, as to the pathway along by the side of the railroad
to the north switch from Fort Madison. Your Honor can
see it has now come in that there was a pathway, or traveled
place down the railroad. Mr. Carey has put it in issue, and
we are not obliged to reply to it.' Whereas he should have
ruled said testimony incompetent, for the reasons: (1) The
complaint alleged that the deceased was killed while travel-
ing along the public highway at a crossing, and his right to
travel along a pathway by the side of the railroad was not
an issue in the case; (2) The defendant had not brought out
any testimony as to any path by the side of the railroad.

2. "Excepts because the presiding Judge erred in allow-
ing the plaintiff's attorneys, over the defendant's objection,
to ask the witness Keels Perry the question. 'Since you
have been there, there has been a pathway running down
by the side of the railroad, all along down by the north
switch and over to the Jones crossing, which was walked by
people walking over that section of the country?' and in al-
lowing the witness to answer said question, whereas he
should have ruled said testimony incompetent for the
reasons: 1. (Same as 1 above.) 2. It was not in reply
to any of the defendant's testimony.

3. "Excepts because the presiding Judge erred in allow-
ing the plaintiff's attorney, over the defendant's objection,
to ask the witness Keels Perry the question: 'Do you
know of a little pathway being there on the side of the rail-
road?' and in allowing the witness to answer said question,
whereas he should have ruled said testimony incompetent
for the reasons (1 and 2 above).

4. "Excepts because the presiding Judge erred in allow-
ing the plaintiff's attorney, over the defendant's objection,
to ask the witness John Harbert the question: 'Did Mr.
Rice say on that occasion that he walked directly from the
north switch to Mr. Frick's house and just as he went into
the house thirty-eight went by?' and in allowing the witness

to answer said question, whereas he should have ruled said testimony incompetent for the reasons: 1. There was no foundation laid for contradicting the witness Rice by advising him as to the time, place and person to whom such statement was made. 2. The witness Rice when on the stand was asked no such question.

5. "Excepts because the presiding Judge erred in not allowing witness W. T. Tannery to answer the questions put to him by the defendant's attorney: 'Didn't he say (alluding to Mr. Jones) I can't see the crossing and I am not the man you want? How did he say it?' Whereas, he should have ruled the testimony competent for the reasons: 1. It was a statement made in the presence of the plaintiff. 2. He was there for the plaintiff and with the plaintiff and as his agent to acquire information.

6. "Excepts because the presiding Judge erred in not allowing the witness W. T. Tannery to answer the question put to him by the defendant: 'While you all were talking about that same thing didn't Mr. Jones say you can't see in twenty-five yards of the crossing?' whereas he should have ruled the testimony competent for the reasons (1 and 2 above).

7. "Because his Honor erred in charging the jury the plaintiff's second request to charge, in the following words: 'The burden of proof is, in the first instance, upon the plaintiff to show by the predonderance of the evidence the truth of the material allegations of the complaint not admitted by the defendant, and when the plaintiff has done this he would be entitled to a verdict against the defendant, unless the defendant proves to your satisfaction, by a preponderance of the evidence, its defense of contributory negligence on the part of the deceased,' thereby instructing the jury that the plaintiff could recover without proving that the failure to give the signals contributed to the injury, and thereby limiting the defendant to the defense of contributory negligence, and excluding its other defenses that the injury was caused by the negligence of the deceased, and that he

.was guilty of gross negligence which contributed to the injury as a proximate cause.

8. "Because his Honor erred in charging the plaintiff's sixth request, in the following words: 'If you should find that the deceased was negligent, yet if notwithstanding such negligence on the part of the deceased, such negligence was not the proximate cause of the injury to the deceased, but the proximate cause of the injury was the failure on the part of the defendant railway company or its agents or servants to give the statutory signals; or if you should find that the defendant railway company, its agents or servants, were negligent in not keeping a lookout for travelers at the crossing, or was negligent in not giving warning signals of danger, and such negligence on the part of the defendant railway company was the proximate cause of the injury to the deceased, then the plaintiff would be entitled to recover.' the error being (a) that he thereby gave the jury the law upon contributory negligence incorrectly, charging in effect that the defendant was liable if its negligence was the proximate cause of the injury, even if the deceased's negligence contributed as a proximate cause thereto; (b) that he thereby charged that the plaintiff was entitled to recover if the defendant was negligent in not keeping a lookout for travelers at the crossing and such negligence was the proximate cause of the injury, when no such issue was in the case under the pleadings; (c) that he thereby charged that the plaintiff was entitled to recover if the defendant was negligent in not giving warning signals of danger and such negligence was the proximate cause of the injury, no such issue being raised by the pleadings.

9. "Because his Honor erred in charging the ninth request of the plaintiff, in the following words: 'If the deceased was negligent, yet if the defendant railway company, its agents or servants, after such negligence of the deceased, by the exercise of ordinary care, could have discovered and avoided inflicting the injury upon the deceased, and such negligence on the part of the defendant railway company, its

agents or servants, was the proximate cause of the injury to the deceased, or if after the discovery of the danger of deceased, the defendant railway company, its agents or servants, could have avoided inflicting the injury upon the deceased by the exercise of ordinary care, if the failure to exercise such ordinary care on the part of the defendant railway company, its agents and servants, was the proximate cause of the injury to the deceased, and the negligence of the deceased was not a proximate cause of the injury, then the plaintiff would be entitled to recover notwithstanding the negligence of the deceased,' the errors being:  (a) That he thereby charged the jury that the plaintiff could recover notwithstanding the negligence of the deceased, if after such negligence the defendant by the exercise of ordinary care could have discovered and avoided inflicting the injury, and such negligence was the proximate cause of the injury; (b) that he thereby charged the jury that the plaintiff would be entitled to recover notwithstanding the negligence of the deceased if after the discovery of the danger of the deceased the defendant by the exercise of ordinary care could have avoided inflicting the injury and such failure to exercise ordinary care was the proximate cause of the injury; (c) that instead of charging this request he should have charged that if the deceased was negligent and his negligence contributed as a proximate cause to the injury the plaintiff could not recover unless the injury was wantonly or wilfully inflicted.

10. "Because his Honor erred in charging the jury the plaintiff's tenth request to charge, in the following words: 'If the injury to the deceased was caused by a wilful act or wilful omission of the defendant railway company, or its agents or servants, or by a conscious failure on the part of the defendant, its agents or servants, to perform the duties required of it by law, then the defendant railway company would be liable whether the deceased was negligent or not; · in such a case the contributory negligence of the deceased would not be a defense,' the error being (a) that he thereby

confined the defendant to its defense of contributory negligence and deprived it of its other defense; (b) that he thereby deprived the defendant of its defense that the injury was not the result of its carelessness, but the result of the carelessness of the deceasd; (c) that he thereby deprived the defendant of its defense that the deceased was guilty of gross negligence, and that such gross negligence contributed as a proximate cause to the injury; (d) that he thereby deprived the defendant of the defense that the deceased was acting in violation of law, which contributed as a proximate cause to the injury; (e) that he thereby deprived the defendant of the defense that the failure to give the signals was not the cause of the injury, but other causes.

11. "Because his Honor erred in charging the jury the plaintiff's fourteenth request, in the following words: 'It is the duty of the employees in charge of railway trains to give the proper signals as required by statute, and to use ordinary care on approaching the crossing of the railroad and a public highway so as to prevent injury to those traveling on the highway,' the error being (a) that he thereby charged the jury that it was the duty of the defendant to use ordinary care on approaching the crossing, which let into the case acts of negligence not alleged in the complaint or made issues in the case; (b) that his Honor should have excluded this issue from the jury, having held that the plaintiff's cause of action alleged in the complaint was under the crossing statute of this State, and that he could recover upon no other theory; (c) that under this charge the jury were at liberty to consider any negligence; (d) that said charge was inconsistent and outside of the issue raised by the pleadings; (e) that his Honor, having held that the only negligence alleged in the complaint was the defendant's failure to give the statutory signals, should have refused as inapplicable to the case all requests not bearing upon that issue.

12. "Because his Honor erred in charging the jury as follows: 'I charge you, as a matter of law, that if any locomo-

tive engineer upon a railroad track comes to a public highway where the public highway crosses the railroad, and if they fail, within five hundred yards of the crossing, to ring the bell, and to keep ringing the bell until the engine gets over such highway, or to blow the whistle for five hunded yards before they reach the place where the highway crosses the railroad and to keep blowing it until the engine crosses the public highway, and if they fail to do that, the law says that they are guilty of negligence,' thereby charging that the defendant was guilty of negligence if it failed to ring the bell within five hundred yards of the crossing, and to keep ringing the bell until the engine passed over the highway, or if the defendant within said distance failed to blow the whistle, and to keep blowing it until the engine crosses, whereas the statute requires the whistle to be blown or the bell to be rúng within said distances, its terms being in the alternative, and the words of the charge held the defendant to a stricter and different rule than that fixed by the statute.

13. "Because his Honor erred in charging the jury that if they conclude that the defendant failed to give the signals required by the statute, as a matter of law the plaintiff would be entitled to recover such damages as they concluded he had sustained, unless they concluded from the testimony in the case that, in addition to a mere want of ordinary care, the deceased was guilty of gross or wilful negligence or an unlawful act, and such gross or wilful negligence or violation of law contributed to the injury, whereas he should have charged the jury that the law presumed that the failure to give the signals was the cause of the injury only where it did not appear that the injury was caused in some other manner, and thereby charged that the defendant was liable even if the failure to give the signals did not contribute to the injury.

14. "Because his Honor erred in charging the jury as requested by the plaintiff in his twelfth request, as follows: 'But if you conclude that the plaintiff is entitled to recover

damages of the defendant railway company and that the injury to the deceased was inflicted wilfully or recklessly by the defendant railway company, its agents or servants, so as to cause the death of deceased, then in addition to the actual damages sustained by the parties in whose behalf this action is brought—in addition to such damages as will compensate them for the injury they have received by reason of the death of the deceased—you may go further and assess such additional amount, as punitive damages (as you think proportioned to the injury) as a vindication of a private right which has been invaded wilfully or recklessly, and operate as a deterring punishment to a wrongdoer and as a warning to others,' the error consisting in charging the jury that the plaintiff could recover in this action punitive damages; whereas he should have instructed the jury that they could not award punitive damages in this case, as under the law as it stood at the time of the injury, the 24th day of February, 1901, no such damages could be recovered, and this action was governed by the law as it then stood.

15. "Because his Honor erred in charging the jury that they could award the plaintiff vindictive, exemplary or punitive damages if they concluded that the injury to the deceased was inflicted wilfully or recklessly by the defendant in addition to actual damages, if they concluded that the defendant was liable; whereas he should have instructed the jury that under the statute law of this State prior to the amendment of 1901, punitive damages could not be recovered in actions of this character, and as the amendment of 1901 did not go into effect till twenty days from the 19th day of February, 1901, the date of its approval by the Executive, this case was governed by the statute as it existed prior to the amendment, and punitive damages could not be awarded."

*Mr. J. P. Carey,* for apepllant, cites: *Punitive damages are not recoverable in this action:*   Code 1902, 2851-2, Acts 1901, 743; 53 S. C., 448; 55 Am. R., 517; 52 N. Y., 389;

35—78

135 Mass., 448; 37 S. W., 839; 15 Am. & Eng. R. R. Cas.,
510; 53 S. C., 454. *As to construction of crossing statute:*
Code 1902, 2139, 2132; 58 S. C., 225; 11 Ency. P. & P.,
145; 55 S. C., 489; 45 S. C., 282. *As to the charge on con-
tributory negligence:* 51 S. C., 238; 55 S. C., 192; 56 S. C.,
95; 67 S. C., 61; 59 S. C., 311; 73 S. C., 381.

*Messrs. Stribling & Herndon,* contra. *Mr. Herndon*
cites: *Plaintiff alleged punitive damages:* Code 1902, 2852;
60 S. C., 67; 61 S. C., 170; 62 S. C., 325; 64 S. C., 242.
*These allegations were permitted to remain and evidence in
support competent:* 54 S. C., 507; 60 S. C., 201, 381; 61 S.
C., 329; 63 S. C., 559; 65 S. C., 97; 54 S. C., 505; 65 S. C.,
437. *Failure to give signals required by statute is negli-
gence:* 52 S. C., 323; 58 S. C., 74, 227; 68 S. C., 458; 41 S.
C., 19; 47 S. C., 391; 64 S. C., 104. *Admission of irrelevant
evidence not reversible error:* 75 S. C., 338; 75 S. C., 201;
52 S. C., 323; 76 S. C., 275. *Failure to give statutory sig-
nals need not be proximate cause of injury:* 47 S. C., 105,
375; 51 S. C., 222; 58 S. C., 80. *Duty of defendant to give
signals at all points of danger:* 65 S. C., 218; 8 Ency., 412;
113 Pa., 610; 70 S. C., 190; 65 S. C., 218; 7 L. R. A., 317;
11 L. R. A., 364. *It is also its duty to keep a lookout:* 61
S. C., 556; 70 S. C., 190; 75 S. C., 161; 25 L. R. A., 287;
68 S. C., 458. *Contributory negligence must be pleaded:*
67 S. C., 146; 70 S. C., 211. *It is not a defense to a wilful
act:* 64 S. C., 494; 73 S. C., 467; 7 Ency., 437, 443; 16 L.
R. A., 639. *Law presumes failure to give the signals
caused the injury:* 47 S. C., 381; 41 S. C., 19; 58 S. C.,
227; 53 S. C., 121; 29 S. C., 303; 63 S. C., 390; 65 S. C.,
1. *As to what act of injured would defeat recovery:* Code
1902, 2139; 63 S. C., 391, 494; 65 S. C., 229. *As to right
to recover punitive damages:* 23 Stat., 743; 12 Stat., 825;
Black. Int. of L., 357; 29 S. C., 355; 70 S. C., 281; 6 Ency.,
947-9; 58 Fed. R., 205; 50 Fed., 77; 54 Col., 145. *Ques-
tion not raised on circuit cannot be considered on appeal:*
63 S. C., 559; 62 S. C., 281; 64 S. C., 229; 69 S. C., 454;

70 S. C., 452; 72 S. C., 411, 478; 73 S. C., 313; 75 S. C., 290.

December 4, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This is an action for damages alleged to have been sustained in consequence of the negligent and wilful misconduct of the defendant, which resulted in the killing of the plaintiff's intestate while traveling the public highway at a crossing.

The complaint alleges that the train of cars was being run at a high and rapid rate of speed, and that there was a failure to give the statutory signals.

After denying the allegations of negligence and wilful misconduct, the defendant alleged that if the plaintiff's intestate was killed, his death was caused by his own negligence.

The answer also contained the following: "As a further defense, and for the purposes of this defense only, the defendant alleges that the deceased was guilty of negligence, which contributed as a proximate cause to his death, along with the alleged negligence of the defendant, if any, in the matters complained of in the complaint, in the following particulars: That the said James A. Harbert was at the time he was killed walking upon the railroad track, where he had no legal right to be, in an intoxicated condition, and failed to exercise ordinary care in looking out for the approach of the train which is alleged to have struck him; that he was guilty of gross negligence in going upon the railroad track in an intoxicated condition, and in not stopping, listening and looking for an approaching train; and said contributory negligence is hereby pleaded as a bar to this action."

The jury rendered a verdict in favor of the plaintiff for $10,000.

A previous verdict of $8,000 was set aside on the ground that the train which killed the deceased was not operated by the defendant, but by the Southern Railway Company, his

Honor, the presiding Judge, basing his order upon the case of *Pennington* v. *Ry.,* 35 S. C., 439, 14 S. E., 852.

The exceptions will be set out in the report of the case, and considered in their regular order.

*First, Second and Third Exceptions:* The testimony mentioned in these exceptions was merely explanatory of the locality where the injury was sustained, and the exceptions are therefore overruled.

*Fourth Exception:* When Rice was on the stand the following took place: "Q. Didn't you on that same occasion say, in the presence of Mr. John Harbert and myself, that you went straight on from the north switch to Mr. Frick's, and that you met no one, and just as you went in his house thirty-eight came along, or words to that effect? A. I guess I did. Q. Didn't you say that? A. Yes, sir; I guess I did."

It will thus be seen that Rice was asked if he did not make substantially the same statement as that mentioned in the exception, and that he admitted such fact. There was, therefore, no error prejudicial to the appellant. *State* v. *Sullivan,* 43 S. C., 205, 21 S. E., 4.

*Fifth and Sixth Exceptions:* There are two reasons why these exceptions cannot be sustained.

In the first place, the fact that the statement may have been made in the presence of the plaintiff did not dispense with the necessity of laying the foundation for contradicting the witness; and, in the second place, the appellant has failed to satisfy this Court that the testimony was material.

*Seventh Exception:* The charge set out in the request must be considered in connection with the other portions thereof, which show that the law as to the defenses not mentioned in the request was properly submitted to the jury; and further, that his Honor the presiding Judge charged, that "the plaintiff before he can recover must establish the allegations of his complaint by the preponderance of the testimony; and you must be satisfied that

there was a failure on the part of the railroad company to give the signals as required by law, before you can find for the plaintiff."

*Eighth Exception:* We fail to find where the Circuit Judge charged the jury, that the plaintiff could recover if the negligence of the deceased contributed to the injury as a *proximate* cause. Conceding that the pleadings did not specifically raise the question whether the defendant kept a proper lookout for travelers at the crossing, or gave due warning signals of danger, nevertheless the charge was responsive to the testimony.

*Ninth Exception:* The charge, was in substance, that if the negligence of the defendant was the proximate cause of the injury, and the negligence of the deceased was not the proximate cause, then the plaintiff would be entitled to recover; and in this we see no error.

*Tenth Exception:* The defense of contributory negligence upon which the appellant relied is based upon the provisions of section 2139 of the Code of Laws, which is as follows: "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, as provided in the preceding section, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence or unlawful act contributed to the injury."

The law charged in the request was undoubtedly correct as a general proposition. *LaFitte* v. *Ry.,* 73 S. C., 467, 53 S. E., 755. And we are unable to discover in section 2139,

*supra,* any language indicating an intention to change the rule.

That section makes no reference whatever to wilful misconduct on the part of the railroad company, but provides that it shall be liable, if it *neglects* to give the required signals, unless it is shown that the party injured was guilty of the conduct therein mentioned.

The exception must, therefore, be overruled.

*Eleventh Exception:* It will be observed that the appellant does not contend that the proposition of law mentioned in the exception was erroneous, except in so far as it was inapplicable to the case under the pleadings. It has not, however, been made to appear that it was inapplicable, as it was the mere statement of a general principle that might properly be charged in all cases arising under the statute requiring signals at highway crossings.

*Twelfth Exception:* Conceding the right for which the appellant contends, the error was not prejudicial to it, as the testimony does not show that the railroad company attempted to exercise such right. The testimony in behalf of the defendant, was to the effect that the engineer simply blew the signal for the crossing, and then commenced to ring the bell by an automatic ringer, and that the ringing continued until the train had proceeded beyond the crossing.

The principle for which the appellant contends is, therefore, inapplicable to the facts of this case.

*Thirteenth Exception:* The proposition which the appellant contends should have been charged is distinct from that which was charged, and should have been presented in a separate request by the appellant. Moreover the charge embodied a sound proposition of law.

*Fourteenth and Fifteenth Exception:* The defendant not having demurred to the complaint, as a general proposition the charge was correct, and was responsive to the allegations of the complaint.

If there were reasons why punitive damages could not be recovered in this case, they should have been brought to the attention of the presiding Judge, in order that he might have had the opportunity of ruling upon the question; and, as there has not been a ruling upon the question, it is not properly before this Court for consideration. It would be unjust to the respondent, and likewise to the Circuit Judge, to reverse the judgment on a ground not made an issue by the pleadings, and upon which he was not requested to rule. . "A party ought not to be permitted to take the chances of a verdict in his favor, and wait until the verdict is rendered against him, before making any objection. If with the full knowledge of all the facts, he proceeds with the trial and takes the chances, he ought in justice and in fair dealing to submit to the consequences." *Lee* v. *McLeod,* 15 Nev., 163; *State* v. *Norton,* 69 S. C., 454, 48 S. E., 464.

This identical question was presented in the case of *Ragsdale* v. *Ry.,* 60 S. C., 381, 38 S. E., 309. In that case this Court ruled that the charge was responsive to the issue made by the pleadings; and that, as the Circuit Judge was not requested to rule upon the question, the objection could not be interposed for the first time in the Supreme Court.

The principle announced in that case was affirmed in *Dent* v. *R. R.,* 61 S. C., 329, 39 S. E., 527, and *Martin* v. *Ry.,* 70 S. C., 8, 48 S. E., 616.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS *concurs in the result.*