7442

## ROWE v. SOUTHERN RY.

CONTRIBUTORY NEGLIGENCE—WILFULNESS.—There being evidence here tending to show that no signals were given by a railway company in approaching a street crossing and that the train was run across the street at a rate of speed greatly exceeding that provided by ordinance, from which wilfulness could be inferred, it was error to refuse to instruct jury that contributory negligence of plaintiff would not defeat the action.

Before C. C. FEATHERSTONE, Special Judge, Spartanburg, Spring Term, 1909. Reversed.

Action by C. E. Rowe against Southern Railway. From judgment for defendant, plaintiff appeals.

*Messrs. Wilson & Osborne,* for appellant.

*Messrs. Sanders & DePass,* contra.

February 21, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by plaintiff through the negligence and wantonness of the defendant.

Paragraph numbered 1 of the complaint, alleges the corporate existence of the defendant.

The other allegations of the complaint are as follows:

"That at said time the ordinance of said city, duly made and promulgated, prohibited the running of a train of cars across the street hereinafter mentioned, the same being within said city at a greater speed than ten miles an hour.

"That on September 2d, 1907, plaintiff's valuable horse, harness, and delivery wagon, driven by his employe, Dean Dent, were proceeding along Converse street, an important street of said city, and were crossing the track operated by defendant, where it crossed said street, when they were

struck by the train operated by defendant upon said track, and the horse killed and the other property demolished to plaintiff's damage in the sum of five hundred dollars.

"That said injury and damage were directly due to and caused by the negligence of defendant, and its wilful and wanton disregard of plaintiff's rights, in the following respects:

1. "Said train was going at a speed of forty miles an hour—in utter and wilful disregard of said ordinance and of the common dictates of ordinary prudence, that such speed at such locality, across a much traveled street of the city, was dangerous and reckless.

2. "No signal was given of the approach of said engine and train, to and upon said public street and crossing, in disregard and flagrant violation of the statute law of the State requiring such signal.

3. "The train was off schedule time, thereby rendering even more dangerous said reckless speed, and failure to ring the bell or blow the whistle.

4. "There was no guard stationed by the defendant at said crossing, or other precaution taken to protect the public or plaintiff, which common prudence required of defendant in operating its train at such speed, at such place, without signal, and in violation of the city's ordinance."

The defendant denied the allegations of the complaint, and set up the defenses of contributory negligence and assumption of risk.

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon exceptions, the first of which is as follows:

"That his Honor erred in refusing to charge plaintiff's fourth request, to-wit: 'I charge you, further, that if you find that the defendant injured the property of the plaintiff as alleged,.and that such injuries were done maliciously or wantonly, then contributory negligence on the part of the driver in charge of said property

would not defeat the action, but plaintiff would be entitled to recover, notwithstanding such contributory negligence;' the error being that the request stated the declared law of this State, and was applicable to the testimony in the case."

It is unnecessary to cite authorities to sustain the proposition, that the defense of contributory negligence is inapplicable, when the action is based on a malicious or wanton act, on the part of the defendant.

The refusal to charge the request was, therefore, reversible error unless it was rendered harmless by reason of the fact, that there was no testimony tending to show malice or wantonness.

There was testimony tending to show that no signals were given by the defendant, and this was a circumstance to be considered by the jury in determining whether the plaintiff was entitled to punitive damages. *Mack* v. *Ry.*, 52 S. C., 325, 29 S. E., 905; *Mason* v. *Ry.*, 58 S. C., 70, 36 S. E., 440; *Goodwyn* v. *Ry.*, 82 S. C., 321.

There was testimony also tending to show that although the ordinance prohibited a rate of speed greater than ten miles an hour, the train was running between thirty and forty miles an hour at the time of the collision.

This was evidence of negligence *per se.* *Dyson* v. *Ry.*, 83 S. C., 354.

The appellant's attorneys, however, contend that the uncontradicted testimony shows that it was necessary for the defendant to run its train at a greater rate of speed than ten miles an hour, in order to overcome the grade of the track, when approaching the crossing where the collision occurred.

No such defense was set up in the answer of the defendant.

But waiving such objection, there is another reason why it can not avail the defendant at this time.

The request embodied a sound proposition of law, separate and distinct from the question whether the defendant

was, under the circumstances, entitled to run its train at a rate of speed in excess of that prescribed by the ordinance.

The rule is thus stated in *Humphries* v. *Ry.,* 84 S. C., 202 : "The defendant excepts because, in charging plaintiff's requests as to the law of negligence, his Honor did not modify them by telling the jury that they were charged subject to the defense of contributory negligence.    The trial Judge can not charge all the law ·applicable to a case in a single proposition.    The plaintiff's requests as to the law of negligence were properly charged as applicable to the case, according to the plaintiff's contention; and, the defendant's requests, as to the law of contributory negligence were also properly charged as applicable according to defendant's contention; and then the Court left it to the jury to say whose contention was correct."    See also *Harbert* v. *Ry.,* 78 S. C., 537, 59 S. E., 644.

This exception is sustained.

The appellant's attorneys did not argue the other exception, and it will not be considered.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.