7954

ROWE v. SOUTHERN RY.

1. Judgments.—The opinion of this Court on the former appeal in this case (85 S. C., 23) was rightly construed by the trial Judge to grant a new trial on both the issues of negligence and wantonness.

2. Railroads.—A speed ordinance of a city is valid unless it amounts to a spoliation of the carrier's property.

Mr. Justice Woods *thinks the request as to validity of the speed ordinance unsound because it leaves out of consideration whether the defendant railroad could not, by the exercise of due care, have so constructed its track as to enable it to comply with the ordinance.*

Before Shipp, J., Spartanburg, March, 1910. Affirmed.

Action by C. E. Rowe against the Southern Railway Company. Defendant appeals on the following exceptions charging error:

1. "In refusing to charge defendant's seventh request, to wit: Seventh Request—'I charge and instruct you that any ordinance of the city of Spartanburg limiting the rate of speed to ten miles per hour is unreasonable as applied to a particular place if the evidence shows that at such particular place it was impossible for the railway company to run its train at the speed limited in such ordinance, because if it is impossible to obey an ordinance it is unconstitutional.'

"The error being, as it is respectfully submitted, that this was a sound proposition of law, applicable to the pleadings and evidence, and should have been submitted to the jury as requested by the defendant. It further being respectfully submitted that his Honor in refusing this request erred in saying to the jury that he had already charged it in another form.

"It being respectfully submitted that when his Honor instructed the jury that an ordinance passed by a city would be valid unless it was 'so unreasonable as to amount to spoliation of property of the defendant,' he erred, in that an ordinance may be void for unreasonableness without actually depriving the defendant of its property.

2. "In charging and instructing the jury in reference to the ordinance limiting the speed of the train as follows: 'Now, the defendant says it is unconstitutional and has asked me to charge you that ten miles an hour is. I cannot charge you about what is reasonable, and what is unreasonable; I charge you that cities have a right to pass reasonable ordinances on that subject. If you come to the conclusion that the ordinance is so unreasonable as to amount to deprivation, depriving the defendant of its property, or rendering it useless under the circumstances, why it would be unreasonable under the circumstances, but I could not undertake to tell you how many miles—that is a question for you. Ordi-

narily a person cannot resist a city ordinance on account of mere unreasonableness, but if he can show, if he has satisfied you by the greater weight of the testimony, that the ordinance is so unreasonable as to amount to spoliation of the property of the defendant, depriving it of its property, why then it would be unreasonable and it would be warranted in disregarding the ordinance.'

"The error being, as it is respectfully submitted, that by this charge his Honor instructed the jury that unless the ordinance deprived the defendant of its property, or was a spoliation of its property, it would be a reasonable, legal and valid ordinance.   Whereas, it is respectfully submitted, that if it is impossible to obey an ordinance then it would be unreasonable, even though it did not amount to a spoliation or deprivation of the property of a defendant, and his Honor should have so instructed the jury.

3. "Because his Honor erred in submitting to the jury the cause of action as to the negligence of the defendant, and in submitting to them the question whether the defendant was negligent or not, and in instructing the jury that they could find a verdict against the defendant under this cause of action.

"The error being, as it is respectfully submitted, that this issue having been determined in favor of the defendant when the case was tried before Special Judge C. C. Featherstone, and there being no appeal from the verdict and judgment on this issue, it is *res adjudicata.*

4. "Because, when this case was tried before Special Judge C. C. Featherstone, the issue under the cause of action as to the alleged negligence of the defendant having been submitted to the jury, and the verdict of the jury being in favor of the defendant, and there being no appeal from this verdict, it was error for his Honor to have submitted this issue to the jury.

5. "Because his Honor having instructed the jury as follows: 'Now, Mr. Foreman, if you come to the conclusion

that the plaintiff is entitled to recover in this case, if you come to the conclusion that he is entitled to recover on his allegations of negligence, either under the statute or common law, he is entitled to recover his actual damages. In a case like this the measure of damages would be the value of the property destroyed at the time it was destroyed, together with legal interest on that amount from the time—when was this suit brought?

" 'Mr. Wilson—September 2d was the date of the accident.

" 'Court—I don't know whether the measure of damages would be from the time of the accident or from the time that the suit was brought.

" 'Mr. Wilson—From the accident, your Honor; that is when the damage was done.

" 'Court—Then if you find that he is entitled to that, you conclude what the value of the property was at the time of the accident and add to that interest at the legal rate of interest. He sues not only for actual damages but for punitive damages also. If you come to the conclusion that the defendant company was wilful, why then you would add such amount of money as you think would be sufficient or proper to put as punishment upon the defendant for the wilful acts, if you find such, because punitive damages are given not for the purpose of compensating the plaintiff in the case but are given for the purpose of punishing the defendant and to act as a warning to others to avoid similar acts, as well as for the purpose of vindicating the rights of the plaintiff. So if you come to the conclusion that he is entitled to any damages you can add such amount to the actual damages as you see proper, but not exceeding the sum claimed in the complaint, which is five hundred dollars. Now, gentlemen, I think that is about all.'

"And the verdict of the jury showing that they did not conclude that the defendant was guilty of wilfulness or wantonness his Honor erred in not granting a new trial on the

ground that the verdict of the jury being only for the actual value of the property and the interest thereon, showed that they rendered this verdict against the defendant under the cause of action for negligence, and that as such issue had been previously determined in the case when tried before Special Judge C. C. Featherstone, it was *res adjudicata* and should not have been passed upon by the jury.

6. "Because his Honor, in refusing the motion for a new trial on the first ground upon which it was made, erred in holding that under the judgment of the Supreme Court on the appeal from the verdict and judgment heretofore rendered the plaintiff was entitled to a trial *de novo* upon both the issues of negligence and wantonness raised by the pleadings; whereas, it is respectfully submitted, his Honor should have held that in granting the new trial this Court only passed upon the issues raised by the exceptions then before it, and as such exceptions only raised the question of error in not submitting to the jury the issues under the cause of action for wilfulness and wantonness, that this Court in granting the new trial only granted a new trial as to such issues.

7. "Because, when it appeared to his Honor that there was no exception from the verdict of the jury and judgment of the Court when the case was tried before Special Judge C. C. Featherstone as to the cause of action alleging negligence, his Honor should have held that in granting the new trial the Supreme Court only granted it as to the cause of action alleging wilfulness and wantonness."

*Messrs. Sanders & DePass,* for appellant, cite: *On appeal from order taking issue from jury and reversal only that issue is to be tried again:* 70 S. C. 217; 73 S. C. 192. *Speed ordinance is invalid:* 1 Dill., sec. 328; 46 Am. St. R. 390; 41 Am. St. R. 230; 47 Am. St. R. 114; 129 Am. St. R. 63; 190 U. S. 167; 48 Am. St. R. 491; 48 N. W. 6; 42 Am St. R. 50.

*Messrs. Stanyarne Wilson* and *H. K. Osborne,* contra, cite: *Charge as to speed ordinance was proper:* 64 S. C. 114; 66 S. C. 202; 72 S. C. 9.     *On appeal new trial de novo was granted:* 85 S. C. 26.

July 7, 1911.     The opinion of the Court was delivered by

Mr. Justice Gary.     This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant.

There was a former appeal herein.     (85 S. C. 23, 66 S. E. 1056.)

The complaint contains two causes of action, one based on negligence, and the other on wantonness.

On the former trial, his Honor the presiding Judge, ruled, that there was no testimony tending to show wantonness, on the part of the defendant; and, withdrew that cause of action, from the consideration of the jury.     The jury then rendered a verdict, in favor of the defendant, and the plaintiff appealed to this Court, whose judgment was as follows: "It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial."

On the second trial of the case, in the Circuit Court, the jury rendered a verdict in favor of the plaintiff, for the sum of $357.60, and the defendant appealed, upon exceptions, which will be reported.

The first question that will be considered, is, whether there was error, on the part of his Honor the presiding Judge, in construing the judgment of the Supreme Court.     The record contains the following statement:

"This is a motion for a new trial made by the defendant, upon the following grounds:

." 'Because, it is respectfully submitted, no issue should have been submitted to the jury, except the issue as to the

liability of the defendant, under the alleged cause of action, for wilfulness and wantonness' * * *.

"When this motion was made, my attention was called to the fact, that Special Judge Featherstone, had withdrawn the cause of action, as to the wilfulness and wantonness of the defendant, from the jury, and had only submitted to them, the issue as to negligence of the defendant, and that the appeal only questioned the correctness of the rulings of his Honor, in withdrawing the cause of action alleging wilfulness and wantonness, on the part of the defendant. The record of the former trial in this case, is not before me, but I have the opinion of the Supreme Court granting a new trial. The language of that opinion is as follows: 'It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.' It will be seen that there is no limitation or restriction upon this order, directing a new trial; and the plaintiff was entitled under the decision of the Supreme Court, to a trial *de novo,* upon both the issues of negligence and wantonness, raised by the pleadings. I therefore refuse the motion so far as this ground is concerned."

The former appeal, was from the judgment entered upon the verdict, and not merely from the ruling of his Honor the presiding Judge, in withdrawing from the jury, the cause of action for punitive damages. The motion for a new trial, on this ground, was therefore properly overruled, as the judgment was reversed.

The next question, is whether the presiding Judge erred in charging the jury, that the ordinance of the city of Spartanburg, relative to the speed of trains within its limits, would be a valid ordinance, unless it amounted to a spoliation of defendant's property. We deem it only necessary to state, that the authorities cited by the respondent's attorney, clearly show, that the exceptions raising this question, cannot be sustained.

Affirmed.

MR. JUSTICE WOODS. *I concur,* but think something should be said as to the refusal of the following request to charge. "I charge and instruct you that any ordinance of the city of Spartanburg limiting the rate of speed to ten miles an hour is unreasonable as applied to a particular place, if the evidence shows that at such particular place it was impossible for the railway company to run its train at the speed limited in such ordinance, because if it is impossible to obey an ordinance it is unconstitutional."

This request was earnestly pressed in argument, and it is not without appearance of fairness; but it is unsound in that it leaves out of consideration the question whether by the exercise of due care and skill the defendant railroad company could not have so constructed its track as to enable it to comply with the speed ordinance.