## 10792

### BANK OF PENDLETON v. MARTIN

(110 S. E. 76)

1. LANDLORD AND TENANT—FAILURE TO SUBMIT QUESTION OF STATUS OF DEFENDANT HELD ERROR.—In claim and delivery for a bale of cotton, wherein defendant alleged that the seizure of the cotton was reckless and willful, and that he had a right thereto as being part of a crop produced upon his land by one G. as a laborer, and not as a tenant, plaintiff claiming that defendant's right was based upon a landlord's lien, *held* that it was error to fail to submit to the jury the question as to whether G. was defendant's tenant or a laborer.

2. LANDLORD AND TENANT—EVIDENCE HELD NOT TO JUSTIFY IMPOSITION OF PUNITIVE DAMAGES FOR RECKLESS SEIZURE OF COTTON BY THIRD PERSON.—Where cotton was seized under claim and delivery and the owner of the land upon which the cotton was grown claimed it on the theory that it was raised by a laborer, and not by a tenant, evidence *held* not to justify a verdict for punitive damages against plaintiff on the ground of willful and reckless seizure.

Before SEASE, J., Anderson, March, 1921. Reversed and new trial ordered.

Action by Bank of Pendleton against C. L. Martin in Claim and Delivery. From judgment for defendant the plaintiff appeals.

*Mr. R. L. Wilson,* for appellant, cites: *Question of relation between the parties was for the jury:* 18 A. & E. Enc. L. (2nd Ed.) 184. *More than one inference to be drawn from testimony and verdict should not have been directed:* 99 S. C. 187. *Punitive damages should not be allowed:* Code Proc. 1912, Sec. 338; 100 S. C. 32; 71 S. C. 3; 89 S. C. 539; Code Proc. 1912, Secs. 257, 260.

*Messrs. Breazeale & Pearman,* for respondent. Oral argument.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Controversy as to the right to the possession of a bale of cotton produced by one H. B. Greenlee, upon the lands of the defendant, Martin; the bank claiming it under a chattel mortgage given to it to Greenlee to secure a loan of money, and the defendant claiming it as a part of the crop produced by Greenlee as a laborer and not as a tenant. The bank instituted claim and delivery proceedings for the cotton, and executed the required bond. The defendant did not claim the immediate return of the property, but answered, claiming the cotton as above stated, alleging that the seizure of the cotton by the plaintiff was recklessly and willfully done, and in his prayer for judgment demanding $500 actual and punitive damages.

The relative rights of the parties to the bale of cotton depend upon the relation which Greenlee bore to Martin, whether a tenant or a laborer to be compensated by a share of the crops. Upon this issue the testimony was conflicting. The witnesses for the bank testified that Martin claimed to hold the cotton, not as his own property, but under his lien as a landlord, which, of course, presupposed title in Green-

lee; that Martin stated the contract to be that Greenlee was to furnish the stock, and that he was to furnish the fertilizer, and that he (Martin) was to get one-half of the crop, which likewise indicated title in Greenlee and the relation of landlord and tenant. Martin himself testified that when the plaintiff's agent came to seize the cotton:

"I have always understood that the landlord had a prior lien for advances furnished a tenant or a laborer to work the crop. * * * I expect I told Mr. O'Neal, the agent, that I was going to hold Greenlee's cotton under a landlord's lien. I remember getting my statute (he was a magistrate) and reading it, and told him that was the law of this state."

Greenlee testified that he furnished the stock, Martin the fertilizer, "and I was to give him half" of the crop raised. The defendant testified to the facts necessary to constitute the relation that of landlord and laborer.

The Circuit Judge took this issue of fact from the jury, and charged them that the relation was that of landlord and laborer, and directed them to find for the defendant the value of the cotton with actual damages, leaving to them the issue of punitive damages. The jury rendered a verdict for the defendant for the return of the cotton, or its value, $59.45, $26.55 actual damages, and $250 punitive damages. Upon motion for a new trial the punitive damages were reduced to $150. The Circuit Judge was in error in determining the pivotal issue of fact, and in not submitting it to the jury, and for that reason there must be a new trial.

The appellant also appeals upon the ground that there was no foundation for punitive damages. The respondent insists that no motion for a nonsuit or a directed verdict upon this ground having been made, the appeal cannot be considered, and cites Circuit Rule 77 (73 S. E. vii), *Entzminger v. Railroad* Co., 79 S. C. 154, 60 S. E. 441, *Ackerman v. Railroad Co.,* 83 S. C. 276, 65 S. E. 268, *Wyatt v. Cely,* 86 S. C. 539, 68 S. E. 657, *Davis v. Railroad Co.,* 91

S. C. 439, 74 S. E. 827, and *Harbert v. Railroad Co.,* 78 S. C. 537, 59 S. E. 644. In view of the radical change of front by this Court, in reference to the inseparableness of the causes of action for actual damages, and for punitive damages, in the case of *Furman v. Tuxbury Co.,* 112 S. C. 71, 99 S. E. 111, it may well be doubted whether these cases may now be considered binding authority.

It is not necessary at this time, in view of the reversal of the judgment upon another ground, to decide this question; but, as the case must go back for a new trial and for the proper conduct of that trial, we may say that if there should be no stronger evidence of willfulness or recklessness than has appeared in the present trial, no recovery of punitive damages should be permitted.

The bank in the utmost good faith loaned its money to Greenlee, representing himself tacitly, at least, as a tenant of Martin. Martin got the benefit in a way of that advance. When the bank's agent went to seize the mortgaged property, Martin by word and display of judicial knowledge claimed the cotton under a landlord's lien. Martin stated the terms of the contract, indicating the relation of landlord and tenant. The bank had every reason to suppose that the impression formed, when the money was advanced, that Greenlee was a tenant, was correct. There was not a circumstance showing a disposition recklessly to override Martin's rights. There appears nothing more than the determination to enforce through the established channels of the law a right which the bank honestly and with great show of reason believed to exist. If the bank was mistaken in this respect, it should compensate the defendant for his damage, but it is shocking to the judicial conscience to punish a man for the orderly, legal attempt to enforce a right honestly and reasonably believed to exist.

The judgment of this Court is that the judgment appealed from be reversed, and the case remanded to the Circuit Court for a new trial.